J-S88008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| IMANUEL Y. FORBES, | |
| Appellant | No. 3024 EDA 2015 |

Appeal from the Judgment of Sentence of September 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005264-2011

BEFORE:  OLSON, RANSOM AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 25, 2017**

Appellant appeals from the judgment of sentence entered on September 4, 2015 in the Court of Common Pleas of Philadelphia County. We affirm.

Briefly stated, the relevant factual and procedural history in this case is as follows.  On July 25, 2011, Appellant entered a negotiated guilty plea to possession with intent to deliver (PWID) and driving under the influence (DUI).[1]  Thereafter, the court sentenced Appellant to 11½ to 23 months' incarceration followed by two years' probation for PWID.  Appellant also received a concurrent sentence of 72 hours to six months' incarceration for DUI.  On April 30, 2014, while still serving his probationary sentence,

_____

[1] 35 P.S. § 780-113(a)(30) and 75 Pa.C.S.A. § 3802(a)(1), respectively.

*Retired Senior Judge assigned to the Superior Court

Appellant was found guilty in Delaware County of burglary, robbery, and conspiracy.[2] He received an aggregate sentence of 13 to 26 years' incarceration for those offenses.

In response, the trial court in this case convened a violation of probation (VOP) hearing on September 4, 2015. At the conclusion of the VOP hearing, the court revoked Appellant's probation and sentenced him to four to eight years' incarceration to run consecutively to the Delaware County sentence. Appellant filed a timely motion to reconsider his sentence, but the trial court never ruled on the motion. This timely appeal followed.[3]

Appellant raises a single question for our review:

> Was the sentence imposed by the [trial] court after probation was revoked manifestly excessive in light of the fact that the sentencing court made literally no effort at all to comply with the Sentencing Code?

Appellant's Brief at 4.

In his brief, Appellant contends that the trial court abused its discretion in imposing a manifestly excessive sentence without considering the factors identified in 42 Pa.C.S.A. § 9721(b). Appellant also argues that the court did not impose an individualized sentence, failed to offer adequate

---

[2] There is some indication in the record that Appellant committed PWID in Delaware County approximately two months before committing the robbery and burglary. **See** N.T. VOP Hearing, 9/4/15, at 5 (stating that Appellant received a two- to four-year sentence for a Delaware County PWID offense).

[3] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

reasons for its sentence, and abused its discretion in failing to state why it did not order a pre-sentence investigation report pursuant to Pa.R.Crim.P. 702. These claims do not challenge the revocation of Appellant's probation or the imposition of a sentence of total confinement. Rather, Appellant's claims challenge the discretionary aspects of his sentence. ***Commonwealth v. Rhoades***, 8 A.3d 912, 916 (Pa. Super. 2010), *appeal denied*, 25 A.3d 328 (Pa. 2011).

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Clarke***, 70 A.3d 1281, 1287 (Pa. Super. 2013) (citation omitted). Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. ***See*** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. ***Id.***

As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007); ***see also Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008) ("when

- 3 -

a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that sentence either by objecting during the revocation sentencing or by filing a post-sentence motion"). In this case, Appellant filed a timely notice of appeal and properly preserved his claims in a post-sentence motion. Appellant's brief also contains a statement pursuant to Pa.R.A.P. 2119(f). Thus, we turn to whether the appeal presents a substantial question.[4]

As we have explained:

> The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005) (internal citations omitted).

_____

[4] The Commonwealth argues that Appellant waived his claim that the trial court violated 42 Pa.C.S.A. § 9721(b) by not giving adequate consideration to whether confinement was "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *See* Commonwealth Brief at 7, n.3. The Commonwealth maintains that Appellant failed to include this claim in a post-sentence motion and in his concise statement pursuant to Pa.R.A.P. 1925(b). Technically, the Commonwealth is correct in that Appellant's submissions alleged only a violation of 42 Pa.C.S.A. § 9771(c). Upon review, we shall treat Appellant's references to 42 Pa.C.S.A. § 9771(c), rather than 42 Pa.C.S.A. § 9721(b), as an oversight and caution defense counsel to use greater care in future filings. In any event, as we shall discuss, the claim is meritless.

In his Rule 2119(f) statement, Appellant contends that: 1) the trial court "failed to consider and weigh all of the relevant factors set forth in 42 Pa.C.S.A. § 9721(b);" 2) the trial court failed to impose an individualized sentence; 3) the trial court failed to place sufficient reasons for its sentence on the record; and, 4) the trial court violated Pa.R.Crim.P. 702 by refusing to obtain a pre-sentence investigation report without explaining the reasons for its refusal on the record. Appellant's Brief at 7-8. This Court recently reaffirmed that a defendant presents a substantial question for review where he challenges the revocation court's failure to consider the factors found in § 9721(b). **See Commonwealth v. Derry**, 2016 WL 6776292, *6 (Pa. Super. Nov. 15, 2016); **see also Commonwealth v. Cartrette**, 83 A.3d 1030, 1042-1043 (Pa. Super. 2013) (*en banc*) (in appeal from VOP sentence, substantial question presented by claim that sentencing court did not consider appropriate sentencing factors found in § 9721(b)). Moreover, this Court has held that a substantial question is raised where the trial court fails to consider a defendant's individualized needs. **Commonwealth v. Serrano**, 2015 WL 6776287, *2 (Pa. Super. Nov. 15, 2016). Lastly, we have said that a sentencing court's failure to state adequate reasons for dispensing with a pre-sentence report raises a substantial question. **See Commonwealth v. Kelly**, 33 A.3d 638, 640 (Pa. Super. 2011). Accordingly, we now turn to the merits of Appellant's sentencing claims.

In sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code." **Commonwealth**

- 5 -

***v. Russell***, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b). In addition, 42 Pa.C.S.A. § 9771(c) permits the trial court to impose a sentence of total confinement in order to vindicate its authority. 42 Pa.C.S.A. § 9771(c).

Here, the trial court offered the following explanation for the sentence imposed in this case:

> The facts are clear that since his original conviction, [Appellant] engaged in further unlawful behavior. In addition to his burglary case, Appellant was convicted of PWID in Delaware County. The fact that [Appellant] has been wholly unable to behave within the confines of the law, and that he committed new, increasingly violent offense[s] while on [probation], evidences that he is a danger to the community and that a period of confinement is necessary both to vindicate the authority of the [trial court] and to protect the public.

Trial Court Opinion, 91/26/16, at 3.

Based upon the transcript of the VOP hearing and the foregoing reasons for Appellant's sentence, we discern no abuse of the trial court's discretion. Before imposing a sentence of total confinement, it is evident that the trial court carefully considered the need to protect the public, the gravity of Appellant's conduct and its potential impact on the community, and Appellant's rehabilitative needs. Ultimately, the trial court concluded

that Appellant's continued involvement with criminal activity and his progression toward more violent offenses showed that a more lenient sentence would fail to ensure that Appellant received the rehabilitative programming that he needs. The record firmly supports these assessments. Accordingly, we see no reason to disturb the sentence imposed in this case.

We are not persuaded by the arguments Appellant offers in support of relief. Initially, Appellant contends that the trial court offered no explanation for its sentence and ignored the relevant sentencing factors set forth in 42 Pa.C.S.A. § 9721(b). Citing **Commonwealth v. Parlante**, 823 A.2d 927 (Pa. Super. 2003) (four to eight year confinement term manifestly excessive where VOP court failed to consider defendant's age, family history, rehabilitative needs, and pre-sentence report), Appellant argues that the court's failure to consider Appellant's background, mental health status, and rehabilitative needs supports reversal of the revocation sentence.

Although Appellant is correct that § 9721(b) directs the trial court to consider certain factors and place the reasons for its sentence on the record, our Supreme Court recently held that, following revocation, a sentencing court need not undertake lengthy discourse regarding its punishment or specifically mention the statutes in question. **Commonwealth v. Pasture**, 107 A.3d 21, 28 (Pa. 2014). Here, Appellant's direct violations, as established by his new (and increasingly violent) offenses, were clearly the basis for the sentence imposed by the trial court. Under these

circumstances, we see no reason to withdraw the deference traditionally owed to the sentencing court or to vacate Appellant's revocation sentence.

*Parlante* does not compel a different result. In that case, we held that the trial court abused its discretion in sentencing the defendant to four to eight years' incarceration without considering that her violations were mostly technical and that any new crimes were non-violent. *Parlante*, 823 A.2d at 931. Here, by contrast, Appellant's violations included multiple convictions involving violent conduct, which the trial court considered in fixing its sentence.

Appellant next argues that the trial court failed to impose an individualized sentence and violated Pa.R.Crim.P. 702(A)(2)(a) in refusing, without explanation, to order a pre-sentence report prior to Appellant's revocation sentencing. *See* Pa.R.Crim.P. 701 ("The sentencing judge shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report" where "incarceration for one year or more is a possible disposition under the applicable sentencing statutes[.]"). Appellant argues that he is entitled to resentencing because of this omission by the court.

Contrary to Appellant's assertions, this Court has provided "some latitude in how th[e requirement in Rule 702] is fulfilled." *Commonwealth v. Carrillo–Diaz*, 64 A.3d 722, 726 (Pa. Super. 2013). Indeed, our case law does not require a pre-sentence report in all instances.

*Commonwealth v. Goggins*, 748 A.2d 721 (Pa. Super. 2000) (*en banc*). Instead, the critical inquiry is whether the sentencing court was "[informed] of comprehensive information to make the punishment fit not only the crime but also the person who committed it." *Carrillo–Diaz*, 64 A.3d at 725 (quotation omitted).

We are satisfied that the sentencing court was sufficiently aware of the unique facts of the case to render an individually tailored punishment. The sentencing court here demonstrated a working knowledge of Appellant's character, background, and his response to supervisory programs. In addition, the trial court's familiarity with Appellant's past criminal conduct and the progression of his criminal behavior rendered the court sufficiently informed such that its sentence reflected the unique nature of Appellant's character and his direct probation violations. Under these circumstances, and since Appellant presents no argument or evidence of changed circumstances that warranted an updated report, we affirm the sentence imposed by the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2017